IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALVIN HODGES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:25-cv-00260 |
| § | |
| U.S. BANK NATIONAL ASSOCIATION, § | |
| SUCCESSOR IN INTEREST TO BANK § | |
| OF AMERICA, NATIONAL § | |
| ASSOCIATION, SUCCESSOR BY § | |
| MERGER TO LASALLE BANK § | |
| NATIONAL ASSOCIATION AS § | |
| TRUSTEE FOR GSAMP TRUST 2007- § | |
| NC1 MORTGAGE PASS THROUGH § | |
| CERTIFICATES, SERIES 2007-NC1, § | |
| § | |
| Defendant. § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant U.S. Bank National Association, Successor in Interest to Bank of America, National Association, Successor by Merger to LaSalle Bank National Association as Trustee for GSAMP Trust 2007-NC1 Mortgage Pass-Through Certificates, Series 2007-NC1 ("<u>U.S. Bank as Trustee</u>") files this Reply in Support of its Motion to Dismiss and states as follows:

**I.    SUMMARY OF THE REPLY**

Plaintiff does not dispute multiple bases for dismissal set forth in the Motion to Dismiss. Plaintiff does not dispute that he failed to comply with the contractual and constitutional notice requirements prior to bringing this suit. Plaintiff also does not dispute that he failed to allege any facts identifying the specific subsection, term, or condition under the Texas Constitution that he contends the original lender failed to comply with at origination ***over 18 years ago*** in order to strip U.S. Bank as Trustee's lien and obtain a free house. These undisputed bases for dismissal are fatal

to Plaintiff's ill-conceived lawsuit because Plaintiff's response consists entirely of cursory assertions and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Such assertions and accusations do not meet the requirements under Rule 12(b)(6). Moreover, under the Local Rules, "[f]ailure to respond will be taken as a representation of no opposition." S. D. TEX. R. 7.4. Plaintiff's ignoring of these points in his Response should therefore deemed a representation of no opposition. Further, Plaintiff asks for leave to amend claims that the Court finds defective.[1] However, it is telling that Plaintiff did not simply amend his Complaint when he had the ability to do so. Plaintiff's tactics should be seen for what they are—a game to prolong foreclosure after he went into default by alleging some mystery problem with origination of a loan by a different lender almost two decades ago after Plaintiff had full benefit of the loan proceeds. Plaintiff cannot state a claim upon which relief can be granted, and the defects in the Complaint cannot be cured by merely re-pleading. In short, the Court should grant the Motion to Dismiss and dismiss Plaintiff's claims.

## II.    ARGUMENTS AND AUTHORITIES

**A.    Plaintiff does not dispute that he failed to comply with constitutional and contractual notice requirements.**

Plaintiff argues that vaguely pleading that "all conditions precedent have occurred or been performed" under Rule 9(c) of the Federal Rules of Civil Procedure is sufficient to place U.S. Bank as Trustee on notice of his Section 50(a)(6) claim.[2] However, generic pleadings of constitutional claims cannot survive Rule 12(b)(6) motions to dismiss.

Texas law requires notice of constitutional infirmities to be given to a lender, and when bringing a lawsuit based on noncompliance with Section 50(a)(6), a "borrower must 'do more than

---

[1] Doc. No. 11, pp. 7–8.
[2] Doc. No. 11, p. 6.

make a general allegation' and must 'describe how the loan is non-compliant.'" *Lopez v. Countrywide Mortg.*, No. CV 2:06-116, 2009 WL 10696288, at *11 (S.D. Tex. Mar. 19, 2009) (quoting *Curry v. Bank of America, N.A.*, 232 S.W.3d 345, 352–53 (Tex. App.—Dallas 2007, pet. denied)); *see also Wells Fargo Bank, N.A. v. Leath*, 425 S.W.3d 525, 532 (Tex. App.—Dallas 2014, pet. denied), *opinion supplemented on overruling of reh'g* (Mar. 21, 2014) (observing that a "general allegation or mere statement that the loan was infirm is not enough" information to determine how to cure the non-compliance). A court explained the importance of the specific pre-suit notice requirement for Section 50(a)(6) of Article XVI to the Texas Constitution claims:

> To determine how to cure its non-compliance, the lender must be aware of what that non-compliance is. Although a lender could certainly comb through the loan documents and the home equity loan provisions to determine the defect, it would defeat and render meaningless the requirement that the borrower notify the lender of defects if the borrower needed to merely state, without detail, that the loan was infirm.

*Curry*, 232 S.W.3d at 352–53.

Here, the Complaint indicates no facts showing that Plaintiff sent any notice to U.S. Bank as Trustee to describe how the loan is noncompliant, identify the date he allegedly notified U.S. Bank as Trustee of any defects, or indicate the address or recipient—whether the original lender or U.S. Bank as Trustee—as to where or whom he allegedly sent the notice letter.[3] Nor does Plaintiff allege facts supporting an inference that U.S. Bank as Trustee failed to timely cure any defects within 60 days *of being noticed*.[4] In sum, Plaintiff pleads no facts to suggest that he ever complied with the mandatory pre-suit notice requirements.

---

[3] *See generally* Doc. No. 11.
[4] *See generally* Doc. No. 11.

**B.     Plaintiff does not dispute that he failed specify the basis of his Section 50(a)(6) claim in the Complaint.**

Plaintiff argues that he is not required to identify the specific constitutional condition on which he brings his constitutional claims because it is permissible to vaguely allege that the original lender "failed to comply with Section 50(a)(6), Article XVI of the Texas Constitution" in order to obtain relief.[5] But courts have regularly rejected this argument because a Section 50(a)(6) claim is predicated on adequate notice of a violation. *Lopez*, 2009 WL 10696288, at *11; *Curry*, 232 S.W.3d at 352–53. Absent any notice about the alleged constitutional defects, U.S. Bank as Trustee has no constitutional or contractual deadline to act, and Plaintiff cannot state a Section 50(a)(6) claim.

**C.     Plaintiff does not dispute that the quiet-title claim is insufficiently pled.**

The Response completely ignores U.S. Bank as Trustee's arguments pertaining to Plaintiff's quiet-title claim.[6] Plaintiff pleads no facts to suggest that he can recover on the strength of his own title, and the Complaint does not provide the grounds for Plaintiff's entitlement to a judgment quieting title to the Property in his name.[7] Plaintiff has not provided sufficient notice both for U.S. Bank as Trustee to investigate and cure, if appropriate, and defend itself in the litigation. Therefore, the Court should dismiss this claim.

**D.     No basis exists for leave to amend.**

Plaintiff asks the Court to grant him leave to amend the Complaint without articulating the particular grounds on which the amendment is sought.[8] A court has the discretion to deny a "bare request" for leave to amend if the request fails to provide "***the particular grounds on which the***

---

[5] Doc. No. 11, p. 3.
[6] Doc. No. 11.
[7] *See generally* Doc. No. 1-4.
[8] Doc. No. 11 at p. 7.

*amendment is sought*." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 387 (5th Cir. 2003) (emphasis added). The Response fails to explain in detail why the amendment is needed and what information would be included in the proposed amendment. Plaintiff only seeks leave to amend the Complaint to further delay the forthcoming foreclosure proceedings and manufacture his purported compliance with the constitutional and contractual notice requirements. Had Plaintiff complied with the notice requirements prior to filing this suit, he would have mentioned it in the Complaint, his Response, or both. He did not do so. He also could have amended the Complaint freely to identify the notice provided, the supposed provisions of the Texas Constitution that were violated, and the facts to support those claims. Again, he did not do so. Consequently, there is no likelihood that Plaintiff could amend his claims to overcome the deficiencies identified herein and in the Motion to Dismiss. The Court should deny Plaintiff's request for leave to amend the Complaint.

## III.   CONCLUSION

Plaintiff fails to state plausible claims for violation of Section 50(a)(6), Article XVI of the Texas Constitution and quiet title. Accordingly, U.S. Bank as Trustee respectfully requests that its Motion to Dismiss be granted and that Plaintiff's claims be dismissed with Prejudice. U.S. Bank as Trustee additionally requests such other and further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Helen O. Turner*
**Helen O. Turner**
Texas Bar No. 24094229
S.D. Texas Bar No. 2924121
helen.turner@troutman.com
TROUTMAN PEPPER LOCKE LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1280
Facsimile: (713) 229-2501

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 2, 2025, a true and correct copy of the foregoing document was delivered to Plaintiff's counsel of record ***via ECF and/or email*** consistent with the Federal Rules of Civil Procedure:

David Medearis
dmedearis@medearislaw.com
MEDEARIS LAW FIRM, PLLC
1560 W. Bay Area Blvd., Suite 200
Friendswood, Texas 77546
Telephone: (281) 954-6270

*/s/ Helen O. Turner*
Counsel for Defendant